# UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE: THE HONORABLE M. MILLER BAKER, JUDGE

| | |
|---|---|
| ADISSEO ESPANA S.A. AND ADISSEO USA INC., *Plaintiffs,* v. UNITED STATES, *Defendant,* and NOVUS INTERNATIONAL INC., *Defendant-Intervenor.* | Court No. 21-00562<br><br>PUBLIC VERSION<br><br>Business Proprietary Information Removed from Brackets on Pages 5 and 6. |

## DEFENDANT-INTERVENOR'S RESPONSE TO PLAINTIFF'S DRAFT REMAND ORDER

Pursuant to the Court's December 15, 2022 order, Defendant-Intervenor Novus International Inc. ("Novus" or the "Petitioner") submits the following response to the Draft Remand Order and accompanying statement filed by Plaintiffs Adisseo España S.A. and Adisseo USA Inc. ("Adisseo" or "Plaintiff") in the above-captioned action.

As set out in Defendant and Defendant-Intervenor's briefs, the

International Trade Commission's (the "Commission's") final determination was reasonable, supported by substantial evidence, and in accordance with law. Plaintiff's Draft Remand Order, however, is an attempt to have this Court impose extra-statutory requirements on the Commission while instructing the Commission to reweigh the record in a circumscribed manner. As such, the Court should reject Plaintiff's Draft Remand Order in full.

In proposed instruction (1), Plaintiff argues that the Commission is statutorily required to make a finding on underselling based exclusively on quarterly pricing data. ECF 55 at 2. Then, in proposed instructions (3), (4), (5), and (6), Plaintiff asks the Court to impose an obligation on the Commission to make this price comparison finding—or, in fact, any evidence perceived by the Plaintiff as contradictory—dispositive when conducting its price effects analysis, its price depression analysis, and its causation analysis. No such obligations are found in the statute, and are an attempt by the Plaintiff to have the Commission re-weigh the evidence. Furthermore, while Plaintiff merely suggests that contradictory evidence may exist, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an

administrative agency's finding from being supported by substantial evidence." *Matsushita Elec. Indus. Co. v. United States*, 750 F.2d 927, 933 (Fed. Cir. 1984) (citations omitted).

First, the plain language of the statute requires the Commission to only <u>consider</u> two issues, neither of which are dispositive, in regards to the Commission's price effects inquiry. Specifically, the Commission is instructed to consider whether "there has been significant price underselling" by subject imports and whether subject imports "otherwise depresses prices to a significant degree or prevents price increases, which otherwise would have occurred, to a significant degree." 19 U.S.C. § 1677(7)(C)(ii)(I-II). The statute does not require the Commission to consider price underselling in any particular manner when making its impact analysis. 19 U.S.C. § 1677(7)(C)(iii). Plaintiff's suggested instructions that would make any Commission findings on underselling dispositive and impermissibly restrict the discretion given to the Commission by Congress in the statute.

Second, Plaintiff not only ignores that the Commission analyzed the pricing data and found that it indicated "predominant overselling by cumulated subject imports," but also that the Commission plainly

3

stated it was "not precluded from finding that subject imports had significant price effects absent a finding of significant underselling." Appx02166 and Appx02174. In other words, the Commission rightly did not limit its analysis to, instead considering both prongs of 19 U.S.C. § 1677(7)(C)(ii)(I) in making its price effects finding, as instructed by the statute.

Third, in proposed instruction (3), Plaintiff asks the Court to instruct the Commission to base its price effects determination on the pricing data as in certain prior investigations. ECF 55 at 2. Again, Plaintiff is both wrong on the law and on the record. The Commission's price effects analysis here is not *per se* unreasonable merely because it did not apply the same weight as it might in different factual scenarios. *Nucor Corp. v. United States*, 414 F.3d 1331, 1340 (Fed. Cir. 2005). In fact, Plaintiff's Reply Brief demonstrates that this position is more about Plaintiff's objection to the weight given to this evidence by the Commission, rather than it being an argument about binding precedent. ECF 38 at 14 ("{t}he issue before the Court is whether the Commission acted contrary to precedent in rejecting more probative price comparison data") (emphasis added). Yet, Plaintiff's argument and proposed instruction

simply ignore that the Commission did use pricing data, in conjunction with other record evidence, to make a reasoned and well-explained price effects finding. Appx02165-02175. Specifically, the Commission noted that "declining prices reflected in the pricing data" were consistent with other record evidence regarding price depression, such as contemporaneous internal communications and questionnaire responses, and that such price depression "would not necessarily be reflected in the underselling data." Appx02171. While Plaintiff did not like this result, that does not make the Commission's determination unreasonable. Consequently, Plaintiff's proposed instructions to require a new underselling finding based on pricing data to suggest that the Commission's price effects determination was unreasonable, *i.e.*, (3), (4), and (5), are moot. By extension, Plaintiff's attempt to disconnect the price effect finding from the Commission's determination regarding the cause of the market share shift to subject imports in its impact analysis in proposed instruction (6) also fails.

Fourth, the comments corresponding to Plaintiff's proposed instruction (5) also suggest that the Commission "must explain" how the lost sales reported by [          ] is consistent with the factual

5

record, describing the Commission's decision as only being made "implicitly." ECF 56 at 6. This ignores the Commission's reasoning on this issue, stating that it "decline{d} to disregard [      ] stated reason for purchasing subject imports instead of the domestic product" as [      ] "usually purchased the product that is offered at the lowest price" and "specifically reported that subject imports from Spain were lower priced than the domestic like product with respect to the sales in question." Appx02106 (fn. 146). Plaintiff not only wants record evidence re-weighed in a contrived manner but also to have the Commission, in effect, alter the certified questionnaire response of a U.S. purchaser. This Court should decline this request.

Finally, Plaintiff argues in its comments to proposed instruction (6) that the Commission "must reconsider" how subject import market share growth was injurious to the domestic industry when U.S. shipment volume [    ] and [                    ]. This argument incorrectly treats two economic factors that have some bearing on the state of the U.S. industry as dispositive, despite the fact that in the Commission's impact analysis, "{n}o single factor is dispositive," and all relevant factors are considered "within the context

6

of the business cycle and conditions of competition that are distinctive to the affected industry." Appx02176 (citing 19 U.S.C. § 1677(7)(C)(iii) and the Trade Preferences Extension Act of 2015, Pub. L. 114-27).

Moreover, this argument also ignores that the Commission acknowledged that the "industry's U.S. shipment quantity increased," while setting out how its financial indicators declined. Appx02114-02116. The Commission also specifically responded to respondent arguments regarding high-capacity utilization levels by pointing out that few purchasers "reported they could not obtain supply from domestic producers during the POI" and that even if U.S. shipments could not have been increased, "this circumstance would not explain the revenues that the domestic industry lost due to the significant price-depressing effects of the subject imports." Appx02117-Appx02118.

In proposed instructions (2) and (6), Plaintiff is asking the Court to force the Commission to reweigh evidence regarding supply diversity by requiring that the supply diversity issue be inserted directly into the Commission's price effects and causation analyses. ECF 55 at 2 and ECF 56 at 3. This proposed instruction, however, ignores the comprehensive causation analysis by the Commission connecting price

7

effects to subject imports, which references the importance of price in purchasing decisions set out in the conditions of competition section of the Final Determination. Appx02163 and Appx02173. This discussion of the importance of price effects does not just acknowledge that price and maintaining multiple sources of supply were considered as purchasing factors, but also highlighted that price was a significantly more important factor than supplier diversification. In fact, when setting out that "(p)urchasers most frequently cited price after reliability/availability of supply as among the three top factors in purchasing decisions," the Commission cited to Table II-6 of the Staff Report, showing that <u>only one</u> purchaser ranked supplier diversification as a top three factor in purchasing decisions. Appx02212. With this proposed instruction, Plaintiff is asking this Court to force the Commission to give more weight to supplier diversification than the record or statute require, and is merely a backdoor attempt to undermine the Commission's determination that price is an important purchasing factor.

    Ultimately, the goal of Plaintiff is for this Court to force the Commission to reconsider its findings while requiring that the

8

Commission give greater weight to issues preferred by Plaintiff. Under the applicable standard of review, this Court should decline to do so, as the record facts support the Commission's findings, all in accordance with the statute.

For the foregoing reasons, Defendant-Intervenor Novus respectfully requests that the Court uphold the ITC's final determination as supported by substantial evidence and in accordance with law.

    Respectfully submitted,

    */s/ Christopher T. Cloutier*
    Christopher T. Cloutier, Esq.
    Benjamin J. Bay, Esq.

    SCHAGRIN ASSOCIATES
    900 Seventh Street, NW
    Suite 500
    Washington, DC 20001
    (202) 223-1700

    *Counsel for Novus International, Inc.*

Dated: February 8, 2023

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing response contains 1,465 words (including any text, quotations, footnotes, headings, and attachments) and therefore complies with the word limitation set forth in the Court's Order (ECF 53).

Dated: February 8, 2023                                    /s/ *Christopher T. Cloutier*
                                                                          Christopher T. Cloutier